**BANK OF THE BLUEGRASS AND TRUST COMPANY; Charles Hines; and Catherine Hines, Appellants,**

v.

**RICHMOND SQUARE OFFICE TOWNHOUSE CONDOMINIUMS COUNCIL CO-OWNERS, INC., Appellee.**

No. 95–CA–000928–MR.

Court of Appeals of Kentucky.

Feb. 21, 1997.

Discretionary Review Denied and Opinion Ordered Published March 11, 1998.

Robert F. Ristaneo, Lexington, for Appellants.

John E. Davis, Lexington, for Appellee.

Before EMBERTON, JOHNSON and MILLER, JJ.

## OPINION

EMBERTON, Judge.

The appellants, Charles Hines, Catherine Hines, and Bank of the Bluegrass and Trust Company, challenge the November 17, 1994, order of the Fayette Circuit Court denying their motion to dismiss the foreclosure action filed against them by the appellee, Richmond Square Office Townhouse Condominiums Council Co–Owners, Inc. The appellants sought dismissal alleging lack of jurisdiction based on appellee's failure to perfect its lien consistent with the statutory scheme in Ky. Rev.Stat. (KRS) 376.010. The trial court concluded KRS 381.883 controlled the dispute and that the lien had been in place since the master deed was recorded in 1987. We agree that the various notice requirements established in KRS 376.010 have no applicability to the present case. The appellee has a valid and enforceable lien. Thus, we affirm.

The appellants purchased a condominium office in 1989. In 1994 a dispute developed concerning the non-payment of fees and assessments with respect to the unit. The property was established under, and subject to, Kentucky's "Horizontal Property Law." See KRS 381.805—381.910. KRS 381.883 provides:

All sums assessed by the council of co-owners but unpaid for the unit's share of the common expenses constitute a lien on such unit prior to all other liens, except only (1) liens for taxes and assessments lawfully imposed by governmental authority against such unit, and (2) all sums unpaid on first mortgages of record. Such lien may be enforced by suit by the administrator or board of administration, acting on behalf of the unit owners, in like manner as a mortgage of real property. In any such enforcement action the unit owner shall be required to pay a reasonable rental for the unit, if so provided in the bylaws, and the plaintiff in such enforcement action shall be entitled to the appointment of a receiver to collect the same. The administrator or board of administration, acting on behalf of the unit owners, shall have power, unless prohibited by the declaration, to bid in the unit at court sale, and to acquire and hold, lease, mortgage and convey the same. Suit to recover a money judgment for unpaid common expenses of an owner shall be maintainable without lien enforcement or waiving the lien securing the same.

Moreover, the property was subject to the terms, conditions and provisions of the Master Deed.[1] The Master Deed clearly and unambiguously creates a lien for "unpaid common expenses." The deed provides "that thirty days written prior notice of intention to sue to enforce the lien shall be mailed, postage prepaid to all persons having an interest in such unit (including any mortgagees) shown on the Council's record of ownership."

■ The appellants cite and rely on numerous cases involving the enforcement of mechanics' liens. None of these cases are controlling in this instance. We are cognizant that the enforcement of a statutory lien granted under KRS Chapter 376 requires strict compliance with the applicable notice provision. However, the appellants have failed to demonstrate, and we have not found, any rational basis for construing the lien as one falling within any of the groups, categories, or items enumerated in the various provisions of KRS Chapter 376. Inasmuch as the lien does not fall within the purview of that statute, none of the various notice requirements are applicable.

■ There is no contention that the appellee failed to comply with KRS 381.883 and the deed, which contains the parties' consensual lien and the additional thirty-day written notice requirement. In fact, the record reveals complete compliance. Thus, in accordance with both the statutory scheme and the deed, the sums assessed but unpaid for the unit's share of the common expenses "constitute a lien" enforceable by suit "in like manner as a mortgage of real property" against the appellants.

■ Contrary to the appellants' assertion, KRS 376.010, *et. seq.,* which provides the requisite steps for the filing, perfection and notice of a mechanics' lien, is not applicable. Therefore, it should not be read as "*supplemental and in addition to*" KRS 381.883 by virtue of the language contained in KRS 381.905.

■ The appellee urges us to impose sanctions on the appellants for prosecuting a frivolous appeal. *See* Ky. R. Civ. P. (CR) 73.02(4) and *Leasor v. Redmon,* Ky., 734 S.W.2d 462 (1987). We agree that the appellants' position lacks merit and is clearly contrary to the unambiguous language of the applicable statutes and documents. However, because there exists no case law construing KRS 381.905, which the appellants cited and relied upon in making their arguments, we reluctantly decline to impose sanctions.

The order is affirmed.

MILLER, J., concurs.

JOHNSON, J., concurs in part, dissents in part and files separate opinion.

JOHNSON, Judge, concurring in part and dissenting in part.

I concur with the Majority's Opinion affirming the Fayette Circuit Court, but I respectfully dissent as to the denial of sanctions. I believe this appeal is frivolous in that it is so totally lacking in merit that it appears to have been taken in bad faith and sanctions are justified. Kentucky Rules of Civil Procedure (CR) 73.02(4); and *Leasor v. Redmon,* Ky., 734 S.W.2d 462 (1987).

---

1. The Master Deed and Declaration of Condominium Regime was amended several times and ultimately merged with the Master Deed for Phases I and II by the Third Amendment of the Master Deed of Richmond Square Office Townhouse Condominiums Phases III and IV. The appellants signed, acknowledged and accepted this instrument recorded in Condominium Deed Book 646, Page 44.